### MARTIN HEMINGWAY VS. FRANKLIN SPAULDING.

A defendant moving to change the venue, must show in his affidavit, *that he has stated to his counsel what he expects to prove by his witnesses*, in addition to the statement of their materiality generally.

*Motion by defendant to change the venue.*—The defendant's affidavit upon which he moves does not state *that he has stated to his counsel what he expects to prove by his witnesses*, which he swears are material on his defence.

F. U. FENNO, *Defts Counsel.*          F. U. FENNO, *Defts Atty.*
C. STEVENS, *Plffs Counsel.*           W. E. WEBSTER, *Plffs Atty.*

BEARDSLEY, Justice.—The affidavit is defective. Motion must be denied with costs. Rule accordingly.

---

### JOHN PARENT VS. AUGUSTIN KELLOGG, et al.

Where a party to a judgment in the Common Pleas moves to set aside an execution issued on a judgment in this Court, as conflicting with his interest, he must entitle his papers in both causes.

*Motion by defendants and one John H. Tomlinson to set aside the execution issued in this cause.*—It appears that said Tomlinson obtained a judgment in the Onondaga common pleas, against two of the defendants in this suit, prior to the judgment in this cause, and got a stipulation in writing from the plaintiff in this cause, not to issue his execution to the sheriff of Onondaga without giving him, Tomlinson, thirty days' notice of his intention to do so; the judgment in this cause was subsequently assigned to one Pratt, who gave notice to defendants of the assignment, and thereafter issued execution to Onondaga county sheriff, without giving notice to Tomlinson according to the stipulation. The defendants papers are entitled in this cause only.

SEDGWICK, *Defts Counsel.*     GEO. A. STANSBURY, *Defts Atty.*
S. P. NASH, *Plffs Counsel.*     J. L. BAGG, *Plffs Atty.*

BEARDSLEY, Justice.—The defendants' papers should be entitled in both causes. Motion denied with costs, without prejudice.